MURNAGHAN, Circuit Judge,
dissenting:
On the evening of February 9, 1993, the plaintiffs — a mother, her minor children, and the children’s minor cousins — and a friend had attended a basketball game and were returning home. First they took the young friend home, in an area not far removed from where a murder suspect wanted by the police was believed to be located. The plaintiffs had no connection whatsoever with the suspect. While the plaintiffs were driving toward their own homes, the police — believing that the plaintiffs had just exited the mobile home park in which the suspect resided— concluded that the murder suspect might be concealed in the plaintiffs’ car. The officers stopped the ear and required each of the plaintiffs to exit the vehicle. Up to that point, I believe the officers were qualifiedly immune.
What happened thereafter, however, is a disputed factual matter which should not have been resolved against the plaintiffs on the officers’ motion for summary judgment. “[O]n summary judgment, ‘the non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences.’ ” Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir.1995) (quoting Conhwright v. Westinghouse Elec. Corp., 933 F.2d 231, 233 (4th Cir.1991)). In their verified complaint,* the plaintiffs alleged that excessive force had been used against them in several respects. They alleged that, even though they each complied without protest when ordered to climb out of the car, the officers’ guns were frighteningly cocked and clicked and aimed at them. They alleged that two of them were handcuffed and made to sit in police vehicles and that one of them was made to kneel in front of one of the police vehicles, facing the headlights. And they alleged that they were subjected to intensive physical searching — the female plaintiffs alleged that the officers had “fondl[ed] and mishandl[ed]” their breasts, groins, and buttocks, and the male plaintiffs alleged that their groins had been grabbed with such force that they suffered “great pain and physical harm.”
No weapons were discovered to be in the plaintiffs’ possession and the suspicion that the suspect was in the plaintiffs’ vehicle turned out to be entirely unfounded.
The officers contested many of the plaintiffs’ allegations, contending, for example, that they lowered their weapons as each child exited the car, that they did not cock and click their weapons in an intimidating manner, and that they conducted no more than routine pat-down searches. Because genuine issues of material fact existed "with respect to the nature of the officers’ conduct, and because the proper outcome of the case turned on whose description of the officers’ conduct was to be believed, summary judgment on qualified immunity grounds was inappropriate. See, e.g., Rainey v. Conerly, 973 F.2d 321, 324 (4th Cir.1992) (holding that the district court properly denied the defendant’s immunity-based motion for summary judgment because “a determination of what actually happened is absolutely necessary to decide whether [the defendant] could reasonably have believed that his actions were lawful”). Taking the plaintiffs’ allegations as true, I cannot accept the majority’s finding that a reasonable officer would not have known “that clearly established constitutional law prohibited the methods used in the search.” See ante at 684. I would therefore reverse the district court’s finding on summary judgment that the officers were entitled to qualified immunity. Indeed, by sustaining the district court’s ruling, the majority seems to me to come perilously close *686 to granting police officers absolute immunity.
Decent police behavior was owed to the plaintiffs; a weakly based suspicion that a murder suspect was located in the plaintiffs’ car falls far short of justifying the officers’ actions. Though police officers surely are needed to protect us from criminals, I believe the majority unwisely and unnecessarily moves us toward a point at which we will need protection from police officers themselves.
Accordingly, I would have permitted the case to go to trial. Once at trial, the officers might very well have successfully defended their actions and demonstrated entitlement to qualified immunity. But at the summary judgment stage, with material facts in dispute, an award of qualified immunity was not appropriate.
I therefore must dissent. Judge Ervin joins in this dissenting opinion.

 We have held that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.” Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).